DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-191-FDW

ALICIA GOODE,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )
                                       )          **ORDER**
THOMAS PEARSON,                        )
Sgt. at Burke-Catawba District         )
Confinement Facility,                  )
                                       )
            Defendant.                 )
_____ )

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se

Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1).  See 28 U.S.C. § 1915(e).

## I.      BACKGROUND

Pro se Plaintiff Alicia Goode is a state court inmate, currently incarcerated at the North

Carolina Correctional Institution for Women in Raleigh, North Carolina.  On July 10, 2013,

Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that on an unspecified

date, while she was incarcerated at the Burke-Catawba District Confinement Facility, Defendant

Thomas Pearson, identified as a sergeant at the jail, "forced oral sex" on her.  See (Doc. No. 1 at

3).  Plaintiff purports to bring a claim against Defendant Pearson for "infliction of emotional

distress." (Id.).  As relief, Plaintiff seeks "charges [against Pearson] so he cannot do this to

anyone else" and "damages for the mental and emotional abuse." (Id. at 5).

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his

administrative remedies before filing a section 1983 action.  42 U.S.C. § 1997e(a).  The PLRA

1

provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

## III.    DISCUSSION

Here, on the face of the Complaint and by Plaintiff's own assertions, Plaintiff did not exhaust her administrative remedies before bringing this lawsuit. In the section of her Complaint regarding exhaustion of administrative remedies, Plaintiff concedes that she did not exhaust her administrative remedies. (Doc. No. 1 at 4). Furthermore, in her administrative remedy statement, Plaintiff asserts that she did not exhaust her administrative remedies because the action arose at the Burke-Catawba District Confinement Facility, and she is now housed at the North Carolina Correctional Institution for Women. (Doc. No. 5 at 1). In sum, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.[1]

## IV.    CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust

administrative remedies. The Clerk of Court is directed to close this case.

---

[1] The Court is very sympathetic to Plaintiff given her allegations. Furthermore, the Court acknowledges that exhaustion is not possible, given that Plaintiff has been transferred away from the prison from where the alleged sexual assault took place. Nevertheless, the Court is bound by the mandatory exhaustion rules in this case.

Signed: August 20, 2013

Frank D. Whitney
Chief United States District Judge